IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GENERAL ELECTRIC COMPANY, *et al.*

|  |  |  |
|---|---|---|
| | Plaintiffs, | ORDER |
| v. | | |
| | | 07-C-273-C |
| SONOSITE, INC., | | |
| | Defendant. | |

---

Before the court are two motions pertaining to discovery:  1) SonoSite's December 10, 2007 motion to compel GE to produce various categories of documents and corporate testimony on certain topics; and 2) GE's December 28, 2007 motion to compel plaintiffs to produce source code and documents regarding the accused SonoSite "variance" feature.  Having reviewed the parties' submissions, it appears that little relief from the court is actually needed.  With respect to the few issues that remain in dispute, I order the following:

## I.  Document Production

SonoSite complains that GE has failed to produce documents responsive to SonoSite's requests for documents relating to the design and operation of power management features of GE's Vivid I and Voluson ultrasound instruments and for documents related to prior ultrasound imaging systems.  GE complains that SonoSite has failed to produce documents concerning the manner in which the accused SonoSite "variance" feature assigns colors to the products' display screens in order to depict blood flow.  In response to the other's motion, each side asserts that it has searched for responsive documents and has provided all relevant documents that exist.

Courts have little to offer when, as here, a party insists that his opponent *must* have documents in spite of the opponent's protestations to the contrary. Even if logic suggests that certain documents *ought* to exist, the court has no power to order a party to produce a document it doesn't have. As I explained in a recent order:

> Although courts sometimes employ the legal fiction that corporations never forget, if ten-year old documents can't be found in the filing cabinet, the most logical reason is because the company no longer has them. It is unavailing for [defendant] to impeach the forthrightness of [plaintiff's] averments as to the depth and breadth of its search. A smart lawyer intent on evasion can always find and exploit loopholes in seemingly impenetrable discovery requests and court orders. There comes a point at which the court simply has to rely on attorneys, as officers of the court, to behave honorably.
>
> *Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 06-C-611-C, 12-23-07 Order, dkt. 334.

SonoSite swears that it has given or will give GE everything SonoSite has that shows how the "variance" feature assigns color to the products' display screens in order to depict blood flow; GE swears that it has given or will give SonoSite all the documents it has related to the design and operation of the power management features of the Vivid I and Voluson ultrasound instruments and which relate to prior ultrasound imaging systems. I accept both sides at their word. Because it appears, however, that there may be a few places in which the parties have not yet looked (for example, GE says it is still searching for responsive documents on individuals' computers and in personal files), I will give the parties one last chance to look for the documents that are the subject of these discovery motions before holding them to their "the documents don't exist" positions. GE must produce all documents responsive to the seven categories

outlined in SonoSite's motion to compel no later than January 29, 2008. By that same date, SonoSite must produce all documents concerning the "variance" feature, as outlined in GE's motion to compel.

If, after looking in all the necessary places and asking all the necessary people where documents might be responsive to the other side's requests, each side is truly satisfied that it has produced all the relevant documents that exist, then it may rest on that assertion. The parties and their lawyers are warned, however, that a lack of diligence or forthrightness will result in sanctions. I do not expect that we will reach that juncture in this case: it appears from the instant set of discovery motions that the parties are working reasonably well together and striving diligently to work through discovery issues without the fiery emails and hard-headed tactics the court often sees in patent cases. It appears that these motions were driven by the looming deadlines imposed by the scheduling order, deadlines that we relaxed after the motions were filed. With the new dates, the parties should have sufficient time in which to continue to work through any future discovery disputes that arise.

## II.  Deposition Witnesses

As for SonoSite's request that GE produce witnesses for deposition, GE has agreed to produce those witnesses. The only issues in contention appear to be whether GE should have to pay the cost of an interpreter for the deposition of the second witness, Mr. Steinbacher, and whether that deposition may exceed the 7-hour limit prescribed by the federal rules. I agree that, as the party producing the witness, GE should have to pay the cost of translation services. I further agree that extending the time limit from 7 to 10 hours is reasonable in light of the

3

inevitable delay caused by the translation.  I disagree, however, with SonoSite's proposal that GE should have to pay the costs of *two* translators, one for each side.  If SonoSite wants a second interpreter present to check the accuracy of the translation provided by the translator hired by GE, then it shall bear that cost on its own.

### III.  Source Code

The parties have agreed to the reciprocal exchange of source code, but they disagree about how the code should be exchanged.  GE asks the court to modify the parties' Protective Order-- which provides that source code is to be viewed on a computer in the office of the producing party--to permit the production of SonoSite's source code under the "outside counsel eyes' only" level of protection.  GE argues that this modification is necessary because of the time limits imposed by the scheduling order.  After GE filed its motion, however, the court amended the scheduling order.  Rebuttal expert reports are now not due until March 14, 2008 and dispositive motions are due on April 11, 2008.  In light of this additional breathing room, there is no need to modify the protocol set forth in the Protective Order for the production of source code.

Finally, in its response to GE's motion to compel, SonoSite brings its own *de facto* motion to compel related to source code, asking the court to order GE to produce specific sets of code. Dkt. 134, at 17, 23.  By SonoSite's own admission, it has not yet met and conferred with GE on this matter.   In the absence of a meet-and-confer or a response from GE as to the appropriateness of SonoSite's requests, I will not order the production sought by SonoSite in its tag-along motion.

ORDER

IT IS ORDERED  that:

1.   GE must produce all documents responsive to the seven categories outlined in SonoSite's motion to compel no later than January 29, 2008.

2.  SonoSite must produce all documents concerning the manner in which the accused SonoSite "variance" feature assigns colors to the products' display screens in order to depict blood flow no later than January 29, 2008.

3.  SonoSite may depose witness Steinbacher for a total of 10 hours.

4.   GE shall pay for one interpreter to provide translation services at Steinbacher's deposition.

5.  GE's request to modify the Protective Order is denied.

6.  SonoSite's motion to compel GE to produce specific sets of source code is denied as premature.

7.  Each side shall bear its own costs associated with bringing and responding to these motions.

Entered this 22nd day of January, 2008.


BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge