**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

General Electric Company,
GE Medical Systems (Norway) AS,
GE Yokogawa Medical Systems, Ltd.,
GE Medical Systems Global Technology
Company, LLC, GE Medical Systems,
Ultrasound & Primary Care Diagnostics LLC,    Case No. 07-C-0273-C
and GE Medical Systems, Inc.,

      Plaintiffs-Counter-Defendants,

  v.

SonoSite, Inc.,

      Defendant-Counter-Plaintiff.

---

**SONOSITE, INC.'S MOTION TO STRIKE GE'S SUPPLEMENTAL**
**EXPERT REPORTS PURSUANT TO FED. R. CIV. P. 37**

---

Defendant-Counter-Plaintiff SonoSite, Inc. ("SonoSite"), by its undersigned counsel, hereby moves pursuant to Fed. R. Civ. P. 37 that the Court strike a series of "supplemental" expert reports filed by GE in violation of both the letter and spirit of the July 12, 2007 Preliminary Pretrial Conference Order.  The July 12 Order states: "There shall be no third round of rebuttal expert reports.  Supplementation pursuant to Rule 26(e)(1) is limited to matters raised in the expert's first report, must be in writing and must be served not later than *five calendar days* before the expert's deposition or before the general discovery cutoff if no one deposes the expert" (emphasis added).  Order at 3. Despite this clear language, GE served two supplemental reports and a third "Addendum"

from its expert Dr. Mark Schafer at *midnight* on the day prior to Dr. Schafer's scheduled deposition and then served another supplemental report from its expert Dr. Wayne Haase *during* Dr. Haase's deposition (these four reports will collectively be referred to as the "Supplemental Reports").[1] Served well after five days prior to expert depositions, these reports constitute much more than the narrow supplementation permitted under Rule 26(e)(1). With one exception,[2] these reports include new arguments and evidence that should have been included in GE's January 25 opening expert or March 14 responsive reports, and also include substantive rebuttals to SonoSite's own reports—the very kind of "third round" of expert reports expressly precluded under the Order.

While SonoSite does not dispute that the parties should be permitted to file supplemental reports based on new information or evidence produced by the opposing

---

[1] SonoSite first discovered that Dr. Haase had authored this supplemental report during his deposition on Friday, April 4th. Counsel for GE claimed to have served the supplemental report on Wednesday, April 2nd, but no one from SonoSite received it. Counsel for GE "re-sent" the reports during Dr. Haase's deposition. Regardless, even service on Wednesday would have run afoul of both the letter and spirit of the Preliminary Pretrial Order for all of the reasons set forth herein.

[2] SonoSite is not hereby contesting that portion of Dr. Schafer's "Second Supplemental Expert Report Concerning Infringement of U.S. Patent Nos. 6,120,447; 6,210,327; and 6,418,225" concerning whether SonoSite's M-Turbo and S-Series products infringe the asserted GE patents. These products were added to this case later in discovery and SonoSite produced documentation relating to these products after Dr. Schafer's January 21, 2008 infringement report. It is unclear why GE and Dr. Schafer needed to wait until midnight before his deposition to file this supplemental report (and why GE elected not to inform SonoSite of the pending supplement so that it could at least consider rescheduling Dr. Schafer's deposition). In any event, SonoSite reserves its right to respond to Dr. Schafer's supplemental report and to re-depose Dr. Schafer on those portions of his supplemental report relating to the M-Turbo and S-Series products.

party or third parties during discovery[3], the supplemental reports in question (except for Dr. Schafer's opinions concerning the alleged infringement of SonoSite's M-Turbo and S-Series products), do not fall under that narrow provision.

The prejudice to SonoSite from GE's violation of the Order is readily apparent. SonoSite obviously could not review these reports and adequately examine GE's experts on them in deposition (a central purpose of the Order's five-day limitation on service of *any* supplemental reports). Furthermore, given that the parties' opening summary judgment briefs are due on Friday, April 11th, it would be impossible for SonoSite to 1) adequately review and consider the Supplemental Reports for purposes of drafting its extensive opening summary judgment briefs; 2) re-depose GE's experts to test the new material and arguments raised in the Supplemental Reports; and 3) provide a response to these reports from SonoSite's own experts, whom GE would then undoubtedly also seek to re-depose. In light of this prejudice, striking the Supplemental Reports under Rule 37 is the only appropriate remedy for GE's actions.

## ARGUMENT

### I. GE's Supplemental Reports Violate The Letter And Spirit Of The Court's Pretrial Order

GE's submission of "supplemental" reports from its experts Dr. Schafer and Dr. Haase violates the plain letter of the Preliminary Pretrial Conference Order in this case.

---

[3] SonoSite produced a limited supplemental report from its expert Dr. Douglas Clark on March 14th (more than two weeks prior to Dr. Clark's deposition) based on new third-party discovery pertaining to the validity of one of GE's patents.

With respect to expert reports, the Order sets forth a date for proponent reports, a date for respondent reports, and states "[t]here shall be *no third round* of rebuttal expert reports." Order at 3 (emphasis added). As the proponent on infringement as to the asserted GE patents and invalidity as to the asserted SonoSite patents, GE submitted its opening reports on those subjects on January 25th.[4] SonoSite responded to those reports on March 14th. The parties agreed that the party whose patents were being challenged would provide any opinion on the impact of secondary considerations of nonobviousness as part of their March 14th responsive reports, and the party challenging the validity of the asserted patents would then provide a reply limited to secondary considerations on April 4th. *See* January 4, 2008 Amended Scheduling Order (Docket No. 124). The parties further agreed to provide their respective experts for deposition as soon as possible within the narrow window between completion of expert reports and April 11th so that they could adequately account for any expert deposition testimony in opening summary judgment filings on April 11th.

Given the breadth and complexity of this ten-patent case, the need to comply with this agreed-upon schedule is particularly great. GE's unilateral attempt to rewrite that schedule and to force SonoSite into trying to play catch-up on the eve of summary judgment filings, should not be countenanced.

---

[4] The January 25 reports were entitled "Amended and Supplemental" or "Supplemental" reports because the parties agreed that their respective experts could file amended reports 14 days after the Court issued its claim construction. *See* January 4, 2008 Amended Scheduling Order (Docket No. 124).

**A.     The Supplemental Schafer Reports Are An Improper Effort To Add New Substantive Arguments Outside Of The Pretrial Schedule And To Rebut SonoSite's Expert Reports**

GE served three new reports from Dr. Schafer the evening before his deposition at 11:40 p.m. on Wednesday, April 2nd. *See* April 2, 2008 Email from Chris Cuneo to Sarah Walkenhorst, attached hereto as Exhibit 1 to the April 7, 2008 Declaration of Christopher G. Hanewicz ("Hanewicz Decl."). These reports include: a "First Supplemental Rebuttal Expert Report Concerning the Validity of U.S. Patent Nos. 6,120,447; 6,210,327; and 6,418,225" ("First Supplemental Rebuttal Validity Report") (Hanewicz Decl. Exs. 2 (redlined version) and 3)[5] , a "Second Supplemental Expert Report Concerning Infringement of U.S. Patent Nos. 6,120,447; 6,210,327; and 6,418,225" ("Second Supplemental Infringement Report") (Hanewicz Decl. Exs. 4 (redlined version) and 5), and an "Addendum to First Supplemental Expert Report of Mark E. Schafer Concerning Invalidity of U.S. Patent No. 6,364,839" ("Addendum") (Hanewicz Decl. Ex. 6). Each of these reports sets out additional, substantive arguments concerning the patents to which they relate and, in the case of the Second Supplemental Infringement report, extensive rebuttal to SonoSite's own noninfringement expert report.

For example, in Dr. Schafer's First Supplemental Rebuttal Validity Report, he provides additional argumentation concerning how the secondary considerations of nonobviousness allegedly support the validity of all of GE's asserted patents. *See*, *e.g.*,

---

[5] For the Court's convenience, SonoSite has attached both "clean" and redlined versions of Dr. Schafer's untimely supplemental reports so the Court can more easily identify GE's revisions and additions.

First Supplemental Rebuttal Report ¶¶ 61-69; 147-155; 213-219. While it is not surprising that GE felt the need to supplement Dr. Schafer's original opinion concerning secondary considerations—he failed to cite to virtually any documents or testimony to support his *ipse dixit* assertions—such supplementation is expressly precluded by both the original and amended scheduling orders in this case.[6]

While SonoSite does not object to those portions of Dr. Schafer's Second Supplemental Infringement Report relating to whether SonoSite's M-Turbo and S-Series products infringe the asserted GE patents, Dr. Schafer goes far beyond this appropriate supplementation in his report. He sets forth numerous additional bases for his view that SonoSite's accused products infringe several of GE's asserted patents. *See*, *e.g.*, Second Supplemental Infringement Report ¶¶ 155; 224-228; 277; 315. He also provides an extensive, improper rebuttal to SonoSite's expert report concerning noninfringement of GE's '327 patent. *See*, *e.g.*, *id.* ¶¶ 159-184; 193; 197-98. Indeed, one of the new headings from Dr. Schafer's Second Supplemental Noninfringement Report is "Dr. Horii [SonoSite's expert] Misinterprets SonoSite's Infringement of Claim 1." *See* Hanewicz Decl. Ex. 5 at p. 38. This is precisely the "third round of expert reports" precluded by the Pretrial Order.

---

[6] In his supplemental opinion pertaining to the secondary considerations of nonobviousness, Dr. Schafer cites to copies of some SonoSite documents that were produced on March 13, 2008. However, SonoSite's production records show that these same documents (albeit with different bates numbers) were produced to GE no later than January 23, 2008, long before the March 14, 2008 date upon which Dr. Schafer was required to produce his rebuttal invalidity opinion covering secondary considerations. Similarly, the depositions to which Dr. Schafer now cites took place on September 7, 2007 (Stratton) and January 18, 2008 (Johnson).

Dr. Schafer's "Addendum" is similarly inappropriate. In that report, Dr. Schafer—in just one full paragraph of substance—amends his invalidity expert report to assert U.S. Patent No. 4,868,467 ("Respaut") against *additional claims* of SonoSite's '839 patent. Dr. Schafer already had asserted Respaut against other claims of the '839 patent in his opening report, and he fails to explain why he could not have identified these additional claims in accordance with the Court's schedule.

Outside of the limited supplementation concerning SonoSite's M-Turbo and S-Series products, GE cannot claim these supplemental reports were necessary due to new information or evidence it could not have timely considered under the pretrial schedule. Nor can GE in any way justify its decision to serve these supplemental reports just hours before Dr. Schafer's deposition without even providing SonoSite some kind of warning as to their impending production. SonoSite thus requests the Court to strike as untimely: (a) Dr. Shafer's First Supplemental Rebuttal Validity Report in its entirety; (b) all portions of his Second Supplemental Infringement Report not directly addressing the M-Turbo and S-Series products; and (c) the entirety of the Addendum.

### B. The Supplemental Haase Report Presents Extensive Additional Argumentation And New Prior Art References That Should Have Been Disclosed In His Opening Report

The Second Supplemental Expert Report Concerning Invalidity of U.S. Patent Nos. 6,569,101 and 6,962,566 filed by GE's expert Dr. Haase (Hanewicz Decl. Ex. 7) discloses additional prior art and arguments concerning the validity of SonoSite's '101 and '566 patent. These reports contain nothing that could not have been addressed in GE's original invalidity reports. Dr. Haase asserts numerous new prior art references.

*See*, *e.g.*, ¶¶ 5-8 (newly considering U.S. Patent No. 5,634,465 (Schmiesing)); ¶¶ 13-19 (newly considering Dynamic Imaging's "Concept" ultrasound system); ¶¶ 20-37 (newly considering the Diasonics/Ausonics ultrasound systems); ¶¶ 38-40 (newly considering U.S. Patent No. 4,649,930 (Groch)); and ¶¶ 41-44 (newly considering a combination of other references with a "Transducer Interface Handbook"). Dr. Haase also expands on previous invalidity analyses in these paragraphs and in ¶¶ 3-12.

Again, GE does not have any basis to claim that these new and expanded arguments are based on new evidence that Dr. Haase could not have considered in his opening report. Instead, as Dr. Haase admitted at deposition, he supplemented his report because he—and not GE's counsel—"came across" new art some time after he served his first supplemental report. (Haase Rough Dep. Tr. at 5:15-6:9) (Hanewicz Decl. Ex. 8).

SonoSite has abided by the Court's scheduling order, and GE should be required to do the same. Neither Dr. Haase nor GE has provided any reason for the late discovery of this art, and SonoSite will be unfairly prejudiced unless the Court strikes Dr. Haase's untimely Second Supplemental Expert Report alleging invalidity of the '101 and '566 patents.

## II. GE's Filing Of These Supplemental Reports Has Prejudiced SonoSite

Given that GE's submission violates facially the agreed-upon provisions of the Preliminary Pretrial Conference Order, SonoSite's motion to strike can and should be granted on that basis alone. *See Ruhland v. Walter Kidde Portable Equip., Inc.*, 179 F.R.D. 246, 250 (W.D. Wis. 1998) ("Plaintiffs misunderstand the rationale for setting

8

discovery deadlines in a pretrial conference order instead of relying on the timing guidelines within the federal rules.  The deadlines in a pretrial conference order are not selected arbitrarily by the court. . . .Therefore, regardless whether defendant was actually harmed by plaintiffs' error, a sanction is warranted to encourage adherence to pretrial conference orders.").  However, GE's supplemental submissions are not merely tardy, they violate basic notions of fairness and place SonoSite in an untenable position heading into summary judgment briefing.  The Court's Order and the parties' agreement to forego rebuttal reports was designed to avoid this exact dilemma.

The prejudice to SonoSite is real; this is not an instance in which the moving party requests the Court to resort to the "glorification of form over substance." *Anderson v. Trans Union*, 405 F. Supp. 2d 977, 982 (W.D. Wis. 2005).  Unlike cases in which the prejudice is in name only, SonoSite here is "left in the precarious position of being unable to respond to newly proposed facts." *Olsen v. Marshall & Ilsley Corp.*, No. 99-C-0774-C, 2000 WL 34233699, at *1 (W.D. Wis. Sept. 7, 2000) (ignoring portions of affidavits used in an attempt to propose new facts to which party had no meaningful opportunity to respond).  GE's service of brand new reports on topics that should have been addressed fully in its opening invalidity and infringement reports of January 25th, and as to secondary considerations of nonobviousness in its rebuttal reports of March 14th, does irreparable damage to the already tight schedule in this case.  In addition, if not stricken, these reports will force SonoSite into incurring the costs of additional depositions for Dr. Schafer and Dr. Haase—depositions which could not possibly take place prior to the April 11 deadline for summary judgment briefing in this case.

9

The danger of permitting these impermissible and untested supplemental opinions is particularly prejudicial where, as here, the presence or absence of conflicting expert testimony can be dispositive. *Cf. Third Wave Techs., Inc. v. Stratagene Corp.*, 381 F. Supp. 2d 891, 926 (W.D. Wis. 2005) ("Defendant's expert reached one conclusion about the formation of the claimed cleavage structure when the FullVelocity™ products are used as directed; plaintiff's expert reached the opposite conclusion. The existence of this dispute means that plaintiff's expert testimony does not provide a sufficient basis on which to award plaintiff summary judgment. I leave it to the jury to determine whose explanation of the test results is more plausible.").

### III.     GE's Supplemental Reports Should Be Stricken Pursuant To Rule 37.

Pursuant to the Preliminary Pretrial Conference Order, the proper sanction for GE's untimely submission is to grant SonoSite's motion to strike pursuant to Rule 37. By striking GE's "supplemental" reports (except the limited portion of Dr. Schafer's Second Supplemental Infringement Report concerning SonoSite's M-Turbo and S-Series products), the Court will encourage adherence to the pretrial conference order and eliminate any prejudice to SonoSite in a fashion that does not require SonoSite to spend more time and money securing an additional expert report responsive to GE's new infringement and invalidity theories.

Should the Court decline to strike GE's Supplemental Reports, SonoSite requests that the Court (1) refuse to consider it in evaluating the parties' motions for summary judgment, as SonoSite is unable to secure an additional expert report or re-depose GE's

experts Drs. Haase and Schafer in time to incorporate such information into its opening summary judgment briefing; (2) allow SonoSite to file a rebuttal expert report of its own to respond to the new information and invalidity theories contained in the Supplemental Reports; and (3) order that GE reimburse SonoSite for its costs in having to take a second deposition of both Dr. Schafer and Dr. Haase covering the Supplemental Reports.

Dated: April 7, 2008.                 **HELLER EHRMAN LLP**

  /s/ Christopher G. Hanewicz
John S. Skilton
John.Skilton@hellerehrman.com
Christopher G. Hanewicz
Christopher.Hanewicz@hellerehrman.com
Sarah C. Walkenhorst
Sarah.Walkenhorst@hellerehrman.com
One East Main Street, Suite 201
Madison, WI 53703-5118
(608) 663-7460
(608) 663-7499 (fax)

M. Patricia Thayer
Patricia.Thayer@HellerEhrman.com
Ted M. Sichelman
Ted.Sichelman@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104
(415) 772-6000
(415) 772-6268 (fax)

Mark S. Parris
Mark.Parris@hellerehrman.com
Jeffrey Cox
Jeffrey.Cox@hellerehrman.com
HELLER EHRMAN LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington 98104
(206) 447-0900
(206) 447-0849 (fax)

*Attorneys for Defendant-Counter-Plaintiff SonoSite, Inc.*